UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHANNA ISABEL CAMACHO,<br>    Petitioner,<br><br>v.<br><br>W.S. WILLINGHAM,<br>    Respondent. | CIVIL ACTION NO.<br>3:05cv1639 (SRU) |

## RULING ON HABEAS CORPUS PETITION

Johanna Isabel Camacho filed a habeas corpus petition, pursuant to 28 U.S.C. § 2241, claiming that her statutory and due process rights are violated by the Bureau of Prisons' ("BOP") interpretation of 18 U.S.C. § 3624(b), which governs a prisoner's eligibility for good time credits. Camacho argues that the BOP's interpretation of section 3624(b), which is codified at 28 C.F.R. § 523.20, incorrectly applies section 3624(b)'s plain meaning. Even if section 3624(b) is ambiguous, Camacho contends that the rule of lenity requires that the good time credits be awarded on the basis of the sentence imposed, rather than the sentence actually served.

In *Sash v. Zenk*, 428 F.3d 132, 133 (2d Cir. 2005), the Second Circuit recently addressed the BOP's policy of calculating good time credits based on time actually served rather than the sentence imposed. The Court held that the rule of lenity does not apply to section 3624(b), because the rule of lenity only applies to substantive interpretations of criminal statutes. *Id.* at 134. The provisions of section 3624(b) govern a reward for compliance with prison regulations – not substantive criminal laws or penalties. *Id.* Because the BOP's interpretation of section 3624(b) is not an interpretation of a substantive criminal law, *Chevron* deference applies if the statute is ambiguous. *Id.* The Second Circuit held that section 3624(b) is ambiguous and that *Chevron* deference therefore applies. *Id.* at 136. Applying *Chevron* deference, the Second

Circuit determined that the BOP's interpretation of section 3624(b) was reasonable, because the phrase "term of imprisonment" could reasonably refer to actual time served. *Id.* at 137. The Court reasoned that:

> a clause in the first sentence of § 3624(b) suggests that the phrase "each year of the term of imprisonment" refers to actual years: "[A] prisoner . . . may receive credit . . . of up to 54 days at the end of each year of the prisoner's term of imprisonment . . . subject to determination by the [BOP] that, *during that year*, the prisoner has displayed exemplary compliance."

*Id.* The phrase "during that year" implies that it is reasonable for the BOP to calculate a prisoner's good time credits at the end of each actual year of imprisonment. *Id.*

The Second Circuit's recent decision is controlling in this case, because Camacho raises the same arguments that the petitioner raised in *Sash*. In calculating Camacho's good time credits, the BOP's interpretation of section 3624(b) is reasonable.

Therefore, Camacho's petition for a writ of habeas corpus (doc. # 1) is DENIED.

It is so ordered.

Dated at Bridgeport, Connecticut, this 5th day of December, 2005.

                                              /s/ Stefan R. Underhill
                                              Stefan R. Underhill
                                              United States District Judge